McIlvaine, J.
Did the Distinct Court err in dismissing the appeal ?
In disposing of this question, it matters not whether the proceedings and judgments of the Court of Common Pleas were or were not erroneous. Without, therefore, approving or disapproving the practice had, and the orders made, in that court, we will look into its record solely for the purpose of ascertaining whether the action was such, that, under the statute, either party might appeal from the final judgment, order, or decree therein. The right of appeal, in this case, if it existed, was given by the following provision, in the fifth section of the “ act to relieve District Courts,” etc., as amended May 16, 1868 (S. & S. 589): “Appeal may be taken from final judgments, orders, and decrees. in civil actions, in which the parties have not the right, by law, to demand a jury trial.” “ Issues of fact, arising in actions for the recovery of money, . . . shall be tried by a jury, unless a jury trial is waived or a reference be ordered, as hereinafter provided.” Code, sec. 263. “ When the parties do not consent the court may, upon the application of either, or of its- own motion, direct a reference in any case in which the parties are not entitled, by the constitution of this state, to a trial by jury.” Code, sec. 282. “ The right of trial by jury shall be inviolate.” Const., art. 1, sec. 5. The right thus intended to be secured by the constitution, was *503 the right of trial by jury as it was recognized by the common law; and within the right thus secured is the right of either party, in an action for the recovery of money only, to demand that the issues of fact therein be tried by a jury.
"Was the action below such, when considered in the light of the facts stated in the petition, as entitled the parties to demand a trial by jury? Or, in other words, without regare, to the prayer of the petition, which does not determine the nature of the cause of action stated in the petition, was it an action for the recovery of money only ?
As against Kanmacher & Stark, it must be conceded that the facts stated constituted a cause of .action for the recovery of money for work and labor and materials furnished under a special contract, and nothing more; and if the petition is to be regarded as tendering an issue to them, it is quite clear that the issue joined was triable by a jury on the demand of either party.
But it is contended by plaintiffs in error, that notwithstanding the prayer for a personal money judgment against Kanmacher & Stark (which should be treated as mere surplusage), that the real and only cause of action was against the board of trustees of the Ohio Agricultural and Mechanical College, and that the remedy sought as against them was the enforcement of a lien or trust; and that Kanmacher & Stark were properly made defendants, with the board, for the pui’pose of stating an account as against the board of trustees.
If it were conceded that the sole remedy sought by the plaintiffs below was against the board of trustees, and that the fact ascertained by the trial of the issue between the plaintiffs and Kanmacher & Stark was merely ancillary in determining the right of action which the plaintiffs sought to enforce against the board of trustees, the question would still remain : What was the nature of that right of action, and upon what was it founded ?
It was their right to have the money in the hands of the board of trustees applied to the payment of their claim *504 against Kanmacher & Stark; and that right was founded solely on the statute entitled “ an act to create a lien in favor of mechanics, and others, in certain eases,” passed March 11, 1843, and the act amendatory of and supplementary thereto, passed May 1, 1871. "Without statutory aid, the claim of plaintiffs against the board of trustees would be wholly destitute of merit either at law or in equity; but under the statute, upon the filing with the board of trustees an attested account of the plaintiffs’ demand against Kanmacher & Stark, it became the duty of the board of trustees to retain out of subsequent payments due, or to become due to Kanmacher & Stark, the amount of plaintiffs’ account and for their benefit. To enforce the light thus secured by the plaintiffs against the board of trustees, the statute itself prescribes the remedy; and where a statute gives a new right, and also prescribes the remedy for its violation, the remedy so prescribed must be taken as exclusive, unless it appears from the statute that the legislature intended otherwise. The remedy prescribed by the statute is as follows: “And which amount” (retained) “ due may be recovered from the said owner by the creditor of said contractor, in an action of money had and received to the use of said creditor.” In such action at common law, the parties would have been entitled to demand a jury trial. The same under our constitution. Hence, as an action between the, plaintiffs and the board of trustees, neither party was entitled to an appeal from the final judgment therein.
The suggestion that, in an action like this, it is necessary to resort to a chancellor, for a statement of an account, before the relief intended by the statute can be granted, is wholly misconceived. The statute itself prescribes the mode in which the amount of damages shall be ascertained, so that a court of law may proceed to judgment, and the only judgment authorized is a personal money judgment. The apparent difficulty in the case grows out of the fact that, in the court below, the provisions of the statute were not used as landmarks ; but, when the proceeding is tested *505 by the statute, the difficulty disappears. The plaintiff’s right was legal aud statutory; his remedy was legal and statutory. The form of the pleadings and the form of the judgment below do not affect the question before us. There was no right of appeal in the case.

Motion overruled.

Welch, C. J., White, Rex, and Gilmore, JJ., concurred.